Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

Electronically FILED by Superior Court of California, County of Los Angeles on 06/09/2021 11:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

JOEL FURMAN (SBN 28222)
Law Offices of Joel M. Furman
State Bar No. 282222
34 Executive Park, Suite 210
Irvine, CA 92614
joel@jackearley.com
Telephone: (949) 476-8900
Facsimile: (949) 476-8911

Attorney for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| D.   E.   F.   , a minor, by Marcy Fox, his Guardian ad litem; MARINA YSAAC; and MARINA YSAAC JR., individually,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CITY OF LOS ANGELES; and DOES 1-50, inclusive,<br><br>DEFENDANTS. | Case No.: 21STCV21622<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (wrongful death)<br>10. Negligence (wrongful death)<br>11. Negligent Infliction of Emotional Distress<br>12. Violation of Cal. Civil Code 52.1<br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

[1]

EXHIBIT 1     PAGE 8

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs D     E   F     a minor, by Marcy Fox, as successor in interest to DECEDENT Anthony Ysaac; Marina Ysaac, individually; and Marina Ysaac Jr., individually, for their Complaint against Defendants City of Los Angeles, and DOES 1-50, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.  This is a civil action arising under California state and federal law.

2.  This court has personal jurisdiction over Defendants based on their domicile in Los Angeles County.

3.  Venue is proper in the County of Los Angeles, based on the residence of Defendants in the County of Los Angeles, pursuant to California Code of Civil Procedure § 395.

4.  Venue is also proper in this Court because a substantial portion of the events at issue in the Complaint occurred in Los Angeles County.

## INTRODUCTION

5.  This state tort and civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Anthony Ysaac ("DECEDENT"), on May 14, 2020.

## PARTIES

6.  At all relevant times, Anthony Ysaac was an individual residing in the County of Los Angeles, California.

7.  Plaintiff D     E   F     ("F     "), a minor, by Marcy Fox, his guardian ad litem, is an individual residing in the County of Los Angeles, California, and is the natural son of DECEDENT Anthony Ysaac. F     sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT, pursuant to California Code of

COMPLAINT FOR DAMAGES

EXHIBIT 1     PAGE 9

1  Civil Procedure § 377.60. F        seeks both survival and wrongful death damages under federal and
2  state law.

3      8.  Plaintiff Marina Ysaac ("YSAAC") is an individual residing in the County of Los Angeles,
4  California. YSAAC sues in her individual capacity as the natural mother to DECEDENT. YSAAC
5  seeks both survival and wrongful death damages.

6      9.  Plaintiff Marina Ysaac Junior ("YSAAC JR."), is an individual residing in the County of Los
7  Angeles, California. YSAAC JR., DECEDENT's natural sister, sues in her individual capacity, as a
8  direct victim of Defendants CITY and DOE 1-50's conduct. YSAAC JR. seeks wrongful death
9  damages.

10     10.  At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal
11  corporation existing under the laws of the State of California. CITY is a chartered subdivision of the
12  State of California with the capacity to be sued. CITY is responsible for the actions, omissions,
13  policies, procedures, practices, and customs of its various agents and agencies, including the Los
14  Angeles Police Department and its agents and employees. At all relevant times, Defendant CITY
15  was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs
16  of the Los Angeles Police Department and its employees and agents complied with the laws of the
17  United States and of the State of California. At all relevant times, CITY was the employer of
18  Defendants DOES 1-50.

19     11. Defendants DOES 1-30 ("DOE OFFICERS") are police officers for the Los Angeles Police
20  Department. DOE OFFICERS were acting under color of law within the course and scope of their
21  duties as officers for the Los Angeles Police Department. DOE OFFICERS were acting with the
22  complete authority and ratification of their principal, Defendant CITY. DOE OFFICERS were
23  integral participants in the shooting and/or failed to intervene to prevent the shooting.

24     12. Defendants DOES 31-50 are supervisory officers for the Los Angeles Police Department
25  who were acting under color of law within the course and scope of their duties as police officers for
26  the Los Angeles Police Department. DOES 31-50 were acting with the complete authority and
27  ratification of their principal, Defendant CITY.

28

COMPLAINT FOR DAMAGES

13. Defendants DOES 31-50 are managerial, supervisorial, and policymaking employees of the Los Angeles Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Los Angeles Police Department. DOES 31-50 were acting with the complete authority and ratification of their principal, Defendant CITY.

14. On information and belief, Defendants DOES 1-50 were residents of the County of Los Angeles, California.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LAPD and DOES 31-50.

16. Defendant DOES 31 - 50 are sued herein because they were and are responsible for maintaining, creating, and ratifying unconstitutional practices and policies which caused Plaintiffs' injuries; and because their inaction, their failure to change policies, and failure to implement correct police procedures, policies, and adequate training of Los Angeles Police officers has manifested a reckless and callous indifference to Civil Rights violations, and which caused the constitutional injuries suffered by Plaintiffs. Defendant DOES 31 - 50 are also sued because they set in motion a series of acts by LAPD officers by his failure to implement proper training and tactics for Police officers in dealing with and interacting with residents of the City of Los Angeles. Said failures by DOES 31 - 50 caused the constitutional injuries suffered by Plaintiffs.

17. Individual liability is sought against Defendant DOES 31 - 50 because they enforced the official policy, practice, and custom of the defendant CITY OF LOS ANGELES of condoning, approving, and ratifying constitutional violations and excessive use of force against the residents of the City of Los Angeles. DOES 31 - 50 are also sued in because they have been on notice that the training of officers has been deficient in the areas of use of force, proper police tactics, and proper police procedures designed to preserve life. Proper police procedures and proper police tactics were not in place in the CITY OF LOS ANGELES; the training of officers had deteriorated, was defective, needed improvement; and that the failure to follow proper police tactics and the failure to provide

COMPLAINT FOR DAMAGES

[4]

EXHIBIT 1    PAGE 11

1    proper training of officers was reckless and dangerous for the residents of Los Angeles. The

2    inadequate training of police officers by Defendants CITY and DOES 31 - 50, and the failure to

3    properly train officers amounts to reckless and deliberate indifference to the violation of Civil Rights

4    of the residents of the City.

5        18. The true names and capacities, whether individual, corporate, association or otherwise of

6    Defendants DOES 1-50, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants

7    by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names

8    and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named

9    Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10       19. DOES 1-50 are sued in their individual capacity.

11       20. At all times mentioned herein, each and every defendant was the agent of each and every

12    other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment

13    of each and every defendant.

14       21. All of the acts complained of herein by Plaintiffs against Defendants were done and

15    performed by said Defendants by and through their authorized agents, servants, and/or employees,

16    all of whom at all relevant times herein were acting within the course, purpose, and scope of said

17    agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified (or will

18    ratify) all of the acts complained of herein.

19       22. DECEDENT Anthony Ysaac died as a direct and proximate result of the actions of CITY

20    and DOES 1-50. Defendants are directly liable for Plaintiffs' injuries under state and federal law.

21       23. On November 13, 2020, Plaintiffs filed comprehensive and timely claims for damages with

22    the City of Los Angeles pursuant to applicable sections of the California Government Code. On

23    December 10, 2010, Plaintiff's claims were rejected.

24

25       **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

26       24. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 23 of their

27    Complaint with the same force and effect as if fully set forth herein.

28

COMPLAINT FOR DAMAGES

25. On May 14, 2020, at approximately 1:00 p.m., DOE OFFICERS unjustly shot and killed 26-year old Anthony Ysaac ("DECEDENT"), thereby using excessive force against him. The shooting occurred at or near West 123rd Street, in the City of Los Angeles, California after DOE OFFICERS responded to a 911 call involving the location where DECEDENT resided and was present.

26. Despite DOE OFFICERS' knowledge that DECEDENT was mentally ill and exhibiting behavior symptomatic of a mental health crisis, was willing to engage in dialogue, and hadn't verbally or physically threatened them or anyone else, they failed employ reasonable or appropriate de-escalation techniques. On information and belief, DOE OFFICERS failed to ever request or command that DECEDENT abandon a weapon they believe he had, at any point in their contact with him on May 14, 2020 despite plentiful opportunity.

27. The situation called for de-escalation and there were multiple options available to the officers if they were in fact concerned with DECEDENT or YSAAC JR.'s well-being. Instead of peacefully and reasonably attempting to disarm DECEDENT, DOE OFFICERS established a firing line and coaxed DECEDENT out of his home and toward it.

28. On information and belief, from the time DECEDENT exited his residence, acting on DOE OFFICERS requests and commands, to the time he was shot and killed- approximately one minute later- DOE OFFICERS utterly failed to issue commands or warnings for DECEDENT to drop a weapon they believed he had, despite multiple modalities and more than sufficient time to do so.

29. Despite knowing that YSAAC JR. was present, DOE OFFICERS failed to effectively de-escalate the situation or put into place an effective plan to keep DECEDENT, Plaintiff YSAAC JR. and the community safe. This led YSAAC JR., acting on her own accord, to follow DECEDENT out of their family residence, and being three to four feet behind DECEDENT when DOE OFFICERS, unlawfully and without warning, fired the volley of bullets that killed DECEDENT.

30. During the course of the incident, Defendant DOE OFFICERS improperly detained DECEDENT and arrested him without probable cause.

31. At the time of the shooting, DECEDENT did not pose an immediate risk of death or serious bodily injury to any person. On information and belief, Defendant DOE OFFICERS did not issue a

COMPLAINT FOR DAMAGES

[6]

EXHIBIT 1    PAGE 13

1  warning that deadly force would be used prior to firing on DECEDENT, despite having plentiful
2  opportunity and means to do so.

3      32.  After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical
4  need of emergency medical care and treatment. Defendants did not timely summon medical care or
5  permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused
6  DECEDENT extreme physical and emotional pain and suffering.

7      33. On information and belief, DOE OFFICERS moved DECEDENT's body approximately five
8  feet, to a location further from DECEDENT's residence and closer to DOE OFFICERS firing
9  locations. Thereafter, DECEDENT's body was left uncovered and untended to for over ten
10  subsequent hours.

11     34. The use of deadly force against DECEDENT was excessive and objectively unreasonable
12  under the circumstances.

13     35.  Plaintiff F     is guardian ad litem to D     E   F  , DECEDENT's successor-in-interest as
14  defined in Section 377.11 as DECEDENT's natural son.

15

16                    **FIRST CLAIM FOR RELIEF**

17        **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

18                    (Against Defendant DOE OFFICERS)

19     36.  Plaintiff F     repeats and re-alleges each and every allegation in paragraphs 1 through 35 of
20  his Complaint with the same force and effect as if fully set forth herein.

21     37.  When Defendant DOE OFFICERS coaxed DECEDENT out of his residence, pointed their
22  guns at DECEDENT, and without warning fired at DECEDENT, they detained DECEDENT without
23  reasonable suspicion and arrested him without probable cause.

24     38.  When Defendant DOE OFFICERS pointed their guns at DECEDENT, failed to give
25  warnings, and then shot DECEDENT, and placed him in handcuffs, they violated DECEDENT's
26  right to be secure in his person against unreasonable searches and seizures as guaranteed to
27  DECEDENT under the Fourth Amendment to the United States Constitution and applied to state

28

COMPLAINT FOR DAMAGES

[7]

EXHIBIT 1     PAGE 14

1  actors by the Fourteenth Amendment.

2  39.  The conduct of Defendant DOE OFFICERS 1-30 was willful, wanton, malicious, and done
3  with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the
4  imposition of exemplary and punitive damages as to Defendant DOE OFFICERS.

5  40.  Each of DOE OFFICERS integrally participated or failed to intervene in the wrongful
6  detention and arrest.

7  41.  As a result of their misconduct, Defendant DOE OFFICERS are liable for DECEDENT's
8  injuries, either because they were integral participants in the wrongful detention and arrest, or because
9  they failed to intervene to prevent these violations.

10  42.  Plaintiff F      brings this claim as a successor in interest to DECEDENT, and seeks both
11  survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks
12  funeral and burial expenses and attorney's fees under this claim.

13

14  **SECOND CLAIM FOR RELIEF**

15  **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

16  (Against Defendant DOE OFFICERS)

17  43.  Plaintiff F      repeats and re-alleges each and every allegation in paragraphs 1 through 42 of
18  his Complaint with the same force and effect as if fully set forth herein.

19  44.  Defendant DOE OFFICERS unjustly shot and killed DECEDENT, thereby using excessive
20  force against him. DECEDENT was shot multiple times in the head and chest. On information and
21  belief, DECEDENT was not pointing or raising a firearm at the time of his killing.

22  45.  The shooting was excessive and unreasonable, particularly because DECEDENT did not
23  pose an immediate threat of death or serious bodily injury to DOE OFFICERS at the time of the
24  shooting, as well as the number of bullets fired.

25  46.  Defendant DOE OFFICERS shooting and use of force violated their training and standard
26  police training.

27  47.  Defendant DOE OFFICERS unjustified shooting of DECEDENT deprived DECEDENT of

28

COMPLAINT FOR DAMAGES

1   his right to be secure in his person against unreasonable searches and seizures as guaranteed to

2   DECEDENT under the Fourth Amendment to the United States Constitution and applied to state

3   actors by the Fourteenth Amendment.

4   48. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress

5   up to the time of his death. DECEDENT eventually suffered a loss of enjoyment of life, loss of life,

6   and loss of earning capacity.

7   49. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless

8   disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of

9   exemplary and punitive damages as to DOE OFFICERS.

10  50. As a result of their misconduct, DOE OFFICERS are liable for DECEDENT's injuries, either

11  because they were integral participants in the shooting and other undiscovered uses of force, or

12  because they failed to intervene to prevent it.

13  51. Plaintiff F     brings this claim as a successor-in-interest to DECEDENT, and seeks both

14  survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks

15  funeral and burial expenses and attorney's fees under this claim.

16

17              **THIRD CLAIM FOR RELIEF**

18  **Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

19              (Against Defendant DOE OFFICERS)

20  52. Plaintiff F     repeats and re-alleges each and every allegation in paragraphs 1 through 51 of

21  his Complaint with the same force and effect as if fully set forth herein.

22  53. The denial of medical care by DOE OFFICERS deprived DECEDENT of his right to be

23  secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under

24  the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth

25  Amendment.

26  54. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress

27  up to the time of his death, and also suffered loss of enjoyment of life, loss of life, and loss of earning

28

COMPLAINT FOR DAMAGES

1     capacity.

2        55. Defendant DOE OFFICERS knew that failure to provide timely medical treatment to

3 DECEDENT could result in further significant injury or the unnecessary and wanton infliction of

4 pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

5        56. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless

6 disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary

7 and punitive damages as to Defendant DOE OFFICERS.

8        57. As a result of their misconduct, Defendant DOE OFFICERS are liable for DECEDENT's

9 injuries, either because they were integral participants or because they failed to intervene to prevent

10 these violations.

11        58. Plaintiff F    brings this claim as a successor-in-interest to the DECEDENT, and seeks both

12 survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks

13 funeral and burial expenses and attorney's fees under this claim.

14 **FOURTH CLAIM FOR RELIEF**

15 **Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

16 (Against Defendant DOE OFFICERS)

17        59. Plaintiffs F   , YSAAC, and YSAAC JR. repeat and re-allege each and every allegation in

18 paragraphs 1 through 58 of their Complaint with the same force and effect as if fully set forth herein.

19        60. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth

20 Amendment of the United States Constitution to be free from state actions that deprive him of life,

21 liberty, or property in such a manner as to shock the conscience, including but not limited to

22 unwarranted state interference in DECEDENT's familial relationships.

23        61. Plaintiff F   had a cognizable interest under the Due Process Clause of the Fourteenth

24 Amendment of the United States Constitution to be free from state actions that deprive him of life,

25 liberty, or property in such a manner as to shock the conscience, including but not limited to

26 unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

27        62. Plaintiff YSAAC had a cognizable interest under the Due Process Clause of the Fourteenth

28

COMPLAINT FOR DAMAGES

EXHIBIT 1     PAGE 17

Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

63. Plaintiff YSAAC JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her brother, DECEDENT.

64. The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

65. DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationships with DECEDENT.

66. As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiffs have suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

67. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERS.

68. Plaintiffs F    , YSAAC, and YSAAC JR. seek wrongful death damages under this claim in their individual capacities and also seeks survival damages for the violation of DECEDENT's due process right. Plaintiffs also seek funeral and burial expenses and attorney's fees.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 31-50)

COMPLAINT FOR DAMAGES

[11]

EXHIBIT 1     PAGE 18

69. Plaintiff F     repeats and re-alleges each and every allegation in paragraphs 1 through 68 of his Complaint with the same force and effect as if fully set forth herein.

70. Defendant DOE OFFICERS acted under color of law.

71. The acts of DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

72. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant DOE OFFICERS, ratified (or will ratify) Defendant DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant DOE OFFICERS' acts. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant DOE OFFICERS were "within policy."

73. On information and belief, with the exception of a singular Sergeant, Defendant DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

74. By reason of the aforementioned acts and omissions with regard to the shooting of DECEDENT, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

75. Accordingly, Defendants CITY and DOES 31-50 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

76. Plaintiff F     brings this claim as a successor in interest to DECEDENT and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY and DOES 31-50)

COMPLAINT FOR DAMAGES

77. Plaintiff F       repeats and re-alleges each and every allegation in paragraphs 1 through 76 of his Complaint with the same force and effect as if fully set forth herein.

78. Defendant DOE OFFICERS acted under color of law.

79. The acts of Defendant DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

80. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including with regard to the use of force and the use of deadly force.

81. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

82. The failure of Defendant CITY to provide adequate training caused the deprivation of DECEDENT's and Plaintiff's rights by Defendant DOE OFFICERS; that is, Defendant CITY's failure to train is so closely related to the deprivation of DECEDENT and Plaintiff's rights as to be the moving force that caused the ultimate injury.

83. On information and belief, CITY failed to train DOE OFFICERS properly and adequately.

84. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85. Accordingly, Defendants CITY and DOES 31-50 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

86. Plaintiff F       brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

### SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

COMPLAINT FOR DAMAGES

(Against Defendants CITY and DOES 31-50)

87. Plaintiff F     repeats and re-alleges each and every allegation in paragraphs 1 through 86 of his Complaint with the same force and effect as if fully set forth herein. Defendant DOE OFFICERS acted under color of law.

88. Defendant DOE OFFICERS acted pursuant either to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

89. On information and belief, DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

90. Defendants CITY and DOE OFFICERS 31-50, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers;

(f) Failing to adequately discipline CITY officers, including DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

COMPLAINT FOR DAMAGES

[14]

EXHIBIT 1    PAGE 21

(h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

91. The following cases are only a few examples of continued misconduct by police officers working for Defendant CITY. These examples demonstrate an unconstitutional custom, policy, and practice of using deadly force against unarmed civilians, and ratifying that use of deadly force and/or finding the use of deadly force to be justified or "within policy:"

(a) In Contreras v. City of Los Angeles, case number 2:11-cv-01480-SVW (SHx), the CITY argued that the use of deadly force against Mr. Contreras by LAPD officers was reasonable; a unanimous jury disagreed, awarding Mr. Contreras $5,700,000 after finding that the involved officers used excessive and unreasonable force when they shot an unarmed Mr. Contreras. Police reports confirmed that Mr. Contreras was unarmed. In that case, the involved officers were not disciplined or retrained for their use of deadly force, and the CITY found that the shooting was justified and did not violate any CITY policy.

(b) In P.C., et al. v. City of Los Angeles, case number 2:07-cv-03413-PLA, the CITY argued that the involved LAPD officers' use of force was reasonable; a unanimous jury disagreed, awarding the plaintiffs $3,125,000 after finding that the involved officers' use of force was excessive and unreasonable. In that case, the involved officers were not disciplined

COMPLAINT FOR DAMAGES

1       or retrained for their use of deadly force, and the CITY found that the use of force was

2       justified and did not violate any CITY policy.

3    (c) In Ruvalcaba, et al. v. City of Los Angeles, et al., case number CV 12-06683 ODW

4       (MANx), Defendant CITY argued that the use of deadly force against an unarmed woman

5       with a history of mental illness (Carmen Ruvalcaba) by LAPD Officer Fernando Ortega

6       was reasonable, however the CITY agreed to settle the case for $750,000. Officer Ortega

7       was not disciplined or retrained for his use of deadly force, and the CITY found that the

8       use of deadly force was justified and did not violate any CITY policy.

9    (d) In Pina v. City of Los Angeles, case number 2:13-cv-04989-FMO (MRWx), Defendant

10      CITY argued that the use of deadly force against Sergio Pina by LAPD officers was

11      reasonable, however the CITY agreed to settle the case for $500,000. In that case, the

12      involved officers were not disciplined or retrained for their use of deadly force, and the

13      CITY found that the use of deadly force was justified and did not violate any CITY policy.

14    (e) In Cano, et al. v. City of Los Angeles, case number 2:15-cv- 00333-JAK (Ex), the CITY

15      argued that the use of deadly force against David Martinez by LAPD officers was

16      reasonable, however the CITY agreed to settle the case. Police reports confirmed that Mr.

17      Martinez was unarmed. In that case, the involved officers were not disciplined or retrained

18      for their use of deadly force, and the CITY found that the use of deadly force was justified

19      and did not violate any CITY policy.

20   92. The aforementioned unconstitutional customs, practices, and policies, in addition to the

21 ratification of the deficient customs, practices, and policies, are evidenced by the number of prior

22 cases involving the use of deadly force against an unarmed person by an officer working for the

23 LAPD.

24   93. By reason of the aforementioned acts and omissions with regard to the shooting of

25 DECEDENT, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society,

26 training, guidance, and past and future support of DECEDENT. The aforementioned acts and

27 omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

28

COMPLAINT FOR DAMAGES

94.  Defendants CITY and DOES 31-50, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

95.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 31-50 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

96.  Accordingly, Defendants CITY and DOES 31-50 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

97.  Plaintiff F        brings his claim individually and as a successor in interest DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

### EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants CITY and DOE OFFICERS)

98.  Plaintiff F        repeats and re-alleges each and every allegation in paragraphs 1 through 97 of his Complaint with the same force and effect as if fully set forth herein.

99.  DOE OFFICERS, while working as police officers for the Los Angeles Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested him

COMPLAINT FOR DAMAGES

[17]

EXHIBIT 1     PAGE 24

1   without probable cause for an appreciable amount of time. DECEDENT did not knowingly or

2   voluntarily consent to the detention/false arrest/false imprisonment.

3       100.    The conduct of DOE OFFICERS was a substantial factor in causing the harm to

4   DECEDENT.

5       101.    Defendant CITY is vicariously liable for the wrongful acts of DOE OFFICERS

6   pursuant to section 815.2(a) of the California Government Code, which provides that a public entity

7   is liable for the injuries caused by its employees within the scope of the employment if the employee's

8   act would subject him or her to liability.

9       102.    As a result of their misconduct, Defendant DOE OFFICERS are liable for

10  DECEDENT's injuries, either because they were integral participants in the wrongful detention and

11  arrest, or because they failed to intervene to prevent it.

12      103.    The conduct of DOE OFFICERS was malicious, wanton, oppressive, and

13  accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award

14  of exemplary and punitive damages.

15      104.    Plaintiff F      brings his claim individually and as a successor in interest to

16  DECEDENT and seeks both survival and wrongful death damages under this claim. Plaintiff also

17  seeks funeral and burial expenses and attorney's fees under this claim.

18                              **NINTH CLAIM FOR RELIEF**

19                                      **Battery**

20                                  (Wrongful Death)

21                      (Against Defendants CITY and DOE OFFICERS)

22      105.    Plaintiff F      repeats and re-alleges each and every allegation in paragraphs 1

23  through 104 of his Complaint with the same force and effect as if fully set forth herein.

24      106.    DOE OFFICERS, while working as police officers or sergeants for the Los Angeles

25  Police Department, and acting within the course and scope of their employment with the CITY,

26  intentionally shot DECEDENT multiple times, firing a total of eighteen bullets at him, thereby using

27  unreasonable and excessive force against him. At the time of the shots, DECEDENT had been coaxed

28

                                                        COMPLAINT FOR DAMAGES

1  out of his residence, and did not pose an immediate threat of death or serious bodily injury to anyone,

2  including DOE OFFICERS.

3      107.    As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain and

4  suffering and ultimately died from his injuries. DOE OFFICERS had no legal justification for using

5  force against DECEDENT, and their use of force while carrying out their duties as officers for the

6  CITY was an unreasonable and non-privileged use of force.

7      108.    As a result of their misconduct, DOE OFFICERS are liable for DECEDENT's

8  injuries, either because they were integral participants in the shooting, or because they failed to

9  intervene to prevent these violations.

10     109.    As a direct and proximate result of the conduct of DOE OFFICERS as alleged above,

11  DECEDENT sustained injuries, endured pain and suffering, eventually died from his injuries, and

12  also lost his earning capacity.

13     110.    The CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS

14  pursuant to section 815.2(a) of the California Government Code, which provides that a public entity

15  is liable for the injuries caused by its employees within the scope of the employment if the employee's

16  act would subject him or her to liability.

17     111.    The conduct of DOE OFFICERS was malicious, wanton, oppressive, and

18  accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling

19  Plaintiff, individually and as a successor-in-interest to DECEDENT, to an award of exemplary and

20  punitive damages as to DOE OFFICERS.

21     112.    Plaintiff F    brings his claim individually and as a successor in interest to

22  DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also

23  seeks attorney's fees under this claim.

24

25                          **TENTH CLAIM FOR RELIEF**

26                                **Negligence**

27                              (Wrongful Death)

28

                                                          COMPLAINT FOR DAMAGES

(Against all Defendants)

113.     Plaintiffs F     , YSAAC and YSAAC JR.  repeat and re-allege each and every allegation in paragraphs 1 through 112 of their Complaint with the same force and effect as if fully set forth herein.

114.     Police Officers, including Defendant DOES 1-50, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort. Defendant DOES 1-50 breached this duty of care. The actions and inactions of Defendant DOES 1-50 were negligent and reckless, including but not limited to:

(a) As to DOE OFFICERS, the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b) As to DOE OFFICERS, the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c) As to DOE OFFICERS, the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d) As to DOE OFFICERS, the failure to provide prompt medical care to DECEDENT;

(e) As to DOES 31-50, the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

(f) As to DOES 31-50, the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g) As to DOES 1-50, the negligent handling of evidence and witnesses; and

(h) As to DOES 1-50, the negligent communication of information during the incident.

115.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above,

COMPLAINT FOR DAMAGES

1  Plaintiffs F    , YSAAC, and YSAAC JR. suffered emotional distress and mental anguish. Plaintiffs

2  have also been deprived of the life-long love, companionship, comfort, support, society, care and

3  sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural

4  lives.

5      116.      As a direct and proximate result of Defendants' conduct as alleged above, and other

6  undiscovered negligent conduct, YSAAC JR., who was mere feet from DECEDENT when he was

7  killed, and thereafter forced to watch her brother die, suffered extreme fright, anxiety and anguish.

8      117.      The CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS

9  pursuant to section 815.2(a) of the California Government Code, which provides that a public entity

10  is liable for the injuries caused by its employees within the scope of the employment if the employee's

11  act would subject him or her to liability.

12      118.      Plaintiffs seek wrongful death damages under this claim in their individual capacities.

13  Plaintiff F    also seeks survival damages as a successor-in-interest to DECEDENT.

14

15                          **ELEVENTH CLAIM FOR RELIEF**

16                                   **Negligence**

17                     (Negligent Infliction of Emotional Distress)

18                             (Against all Defendants)

19      119.      Plaintiff YSAAC JR. repeats and re-alleges each and every allegation in paragraphs

20  1 through 118 of this Complaint with the same force and effect as if fully set forth herein.

21      120.      Police Officers, including Defendant DOES 1-50, have a duty to use reasonable care

22  to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate

23  commands, giving warnings, and not using any force unless necessary, using less than lethal options,

24  and only using deadly force as a last resort. Defendant DOES 1-50 breached this duty of care.

25  As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered

26  negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.

27      121.      As a direct and proximate result of Defendants' conduct as alleged above, and other

28

                                               COMPLAINT FOR DAMAGES

1   undiscovered negligent conduct, YSAAC JR., who was mere feet from DECEDENT when he was

2   killed, and thereafter forced to watch her brother die, suffered extreme fright, anxiety and anguish,

3   such that her life was severely disrupted.

4       122.    At the time Defendants shot and killed DECEDENT, Defendants were aware of

5   YSAAC, JR.'s close physical proximity to DECEDENT. Defendants unreasonably and

6   inappropriately failed to de-escalate the situation, or provide YSAAC JR. any instructions or care to

7   protect her well-being, at any time during the encounter.

8       123.    Defendants negligent conduct in shooting and killing DECENT, with all the attendant

9   circumstances, was a substantial factor in causing YSAAC JR.'s emotional distress.

10      124.    The CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS

11  pursuant to section 815.2(a) of the California Government Code, which provides that a public entity

12  is liable for the injuries caused by its employees within the scope of the employment if the employee's

13  act would subject him or her to liability.

14      125.    Plaintiff YSAAC JR. seek wrongful death damages under this claim in her individual

15  capacity.

16

17                          **TWELFTH CLAIM FOR RELIEF**

18                          (Violation of Cal. Civil Code § 52.1)

19                              (Against all Defendants)

20      126.    Plaintiffs F    , YSAAC, and YSAAC JR. repeat and re-allege each and every

21  allegation in paragraphs 1 through 125 of their Complaint with the same force and effect as if fully

22  set forth herein. California Civil Code Section 52.1 (the Bane Act), prohibits any person from using

23  violent acts or threatening to commit violent acts in retaliation against another person for exercising

24  that person's constitutional rights. Moreover, "a successful claim for excessive force under the Fourth

25  Amendment provides the basis for a successful claim under § 52.1." Chaudhry v. City of Los

26  Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing Cameron v. Craig, 713 F.3d 1012, 1022 (9th

27  Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983.");

28

                                                COMPLAINT FOR DAMAGES

                                [22]

EXHIBIT 1     PAGE 29

1   Bender v. Cnty. of L.A., 217 Cal. App. 4th 968, 976 (2013)("an unlawful [seizure]—when

2   accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane

3   Act").

4       127.     On information and belief, Defendants DOE OFFICERS, while working for the

5   CITY and acting within the course and scope of their duties, intentionally committed and attempted

6   to commit acts of violence against DECEDENT, including by shooting him without justification or

7   excuse, by integrally participating and failing to intervene in the above violence, and by denying

8   DECEDENT necessary medical care. DOE OFFICERS coerced, intimidated, and threatened

9   DECEDENT, including by coaxing him to the front of his residence and then shooting and killing

10   him when he got there. It was not necessary for DOE OFFICERS to shoot DECEDENT in order to

11   take him into custody, such that the use of force was independent from the unreasonable detention

12   and arrest.

13       128.     When Defendant DOE OFFICERS wrongfully detained DECEDENT and then shot

14   DECEDENT an excessive number of times, they interfered with his civil rights to be free from

15   unreasonable searches and seizures to due process, to equal protection of the laws, to medical care,

16   to be free from state actions that shock the conscience, and to life, liberty, and property. This also

17   violated DECEDENT's freedom of speech.

18       129.     On information and belief, Defendants intentionally and spitefully committed the

19   above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for

20   invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to

21   enjoy.

22       130.     On information and belief, DECEDENT reasonably believed and understood that the

23   violent acts committed by Defendant DOE OFFICERS were intended to discourage him from

24   exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him

25   from exercising such rights.

26       131.     Defendants successfully interfered with the above civil rights of DECEDENT and

27   Plaintiffs.

28

COMPLAINT FOR DAMAGES

[23]

EXHIBIT 1    PAGE 30

132.     The conduct of Defendant DOE OFFICERS was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

133.     The CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

134.     Defendants DOES 31-50 are vicariously liable under California law and the doctrine of respondent superior.

135.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

136.     Plaintiffs F     , YSAAC, and YSAAC JR. seek wrongful death damages under this claim in their individual capacities. Plaintiff F     also seeks survival damages as a successor in interest to DECEDENT. Plaintiffs also seek attorney's fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs F     , YSAAC, and YSAAC JR. request entry of judgment in their favor and against Defendants CITY of Los Angeles, and DOES 1-50, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

COMPLAINT FOR DAMAGES

1

2 DATED: June 9, 2021

3

4

5 By: _____

6 JOEL M. FURMAN
Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

[25]

EXHIBIT 1    PAGE 32